IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**CLEVELAND AIR SERVICE, INC.**                                                                              **PLAINTIFF**

**V.**                                                                                   **NO. 4:13-CV-00161-DMB-DAS**

**PRATT & WHITNEY CANADA and**
**PRO TURBINE, INC.**                                                                                      **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Before the Court is the motion of Defendant Pratt & Whitney Canada for summary judgment. For the reasons below, the motion is granted in part and denied in part.

## I
## Summary Judgment Standard

"Summary judgment is appropriate when there are no genuine issues as to any material facts, and the moving party is entitled to judgment as a matter of law." *Norwegian Bulk Transp. A/S v. Int'l Marine Terminals P'ship*, 520 F.3d 409, 411 (5th Cir. 2008) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986)). To award summary judgment, "[a] court must be satisfied that no reasonable trier of fact could find for the nonmoving party or, in other words, that the evidence favoring the nonmoving party is insufficient to enable a reasonable jury to return a verdict in her favor." *Id.* at 411–12 (internal quotation marks omitted). To this end, "[t]he moving party bears the burden of establishing that there are no genuine issues of material fact." *Id.* at 412.

"If, as here, the nonmoving party bears the burden of proof at trial, the moving party may demonstrate that it is entitled to summary judgment by submitting affidavits or other similar evidence negating the nonmoving party's claim, or by pointing out to the district court the

absence of evidence necessary to support the nonmoving party's case." *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998). If the moving party makes the necessary demonstration, "the burden shifts to the nonmoving party to show that summary judgment is inappropriate." *Id.* In making this showing, "the nonmoving party must go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Cotroneo v. Shaw Env't & Infrastructure, Inc.*, 639 F.3d 186, 191–92 (5th Cir. 2011) (internal punctuation omitted). When considering a motion for summary judgment, the Court "resolve[s] factual controversies in favor of the nonmoving party." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

## II
## Factual and Procedural Background

Plaintiff Cleveland Air Service, Inc., operates agricultural aircraft. Defendant Pratt & Whitney Canada ("Pratt & Whitney") designs, manufactures, distributes, markets, and sells aircraft engines. In 1998, Pratt & Whitney manufactured a PT6A-67AG turbine engine ("Engine"). In 1999, the Engine was sold to Air Tractor, Inc., and installed in an Air Tractor AT-802A agricultural aircraft, which was sold to Plaintiff.

The Engine was delivered with a warranty that it would be free from defects in material and workmanship appearing within the first 1,000 hours of operation.

In December 2009, Pratt & Whitney issued a revised warranty policy ("2009 Warranty"). The 2009 Warranty provided that "[t]his warranty document supercedes [sic] the Turbine Engine Warranty and Service Policy issued August 1998 and the applicable annexes." Pursuant to the terms of the 2009 Warranty, Pratt and Whitney warranted against defects in material or workmanship appearing within the first 1,000 hours of operation. Following expiration of the

basic coverage period, the warranty also offered a primary parts service policy that provided pro rata coverage for certain parts. The amount of the coverage, if any, depended on the number of hours the engine operated. Among the covered parts were: blade-compressor, power turbine, and blade-compressor rotor assembly. Under the terms of the 2009 Warranty, coverage expired when the engine reaches the point of overhaul, which is known as Time Between Overhaul ("TBO"). For the PT6A-67AG engine, the TBO is 3,000 hours.

On September 5, 2012, the Engine suffered a power turbine ("PT") blade failure after accumulating 5,042 hours of use.

Plaintiff filed suit against Pratt & Whitney and Pro Turbine, Inc., on September 16, 2013, seeking damages for the alleged repair cost of the engine ($185,641.30), other amounts related to aircraft rental ($73,053.98), and pilot pay ($19,550.00). On February 10, 2014, Pratt & Whitney filed the instant motion for summary judgment. On June 9, 2014, Plaintiff and Defendant Pro Turbine, Inc., filed a joint motion to dismiss their respective claims against each other, which the Court granted. Accordingly, only Plaintiff's claims against Pratt & Whitney remain. Plaintiff seeks to recover from Pratt & Whitney on theories of products liability and breach of express and implied warranties.

## III
## Analysis

Pratt & Whitney argues that because Plaintiff suffered only economic loss as a result of the blade failure, it cannot recover under tort theories pursuant to the economic loss doctrine. Pratt & Whitney also argues that the express warranty in this case expired by its terms. As to the implied warranty of merchantability, Pratt & Whitney submits that successful, long-term use of a product satisfies the implied warranty of merchantability as a matter of law. Plaintiff concedes Pratt & Whitney's arguments as to the products liability and breach of express warranty claims,

3

Doc. #39, but argues that a genuine issue of material fact exists as to its claim for breach of the implied warranty of merchantability.

### A. Products Liability and Breach of Express Warranty

Because Plaintiff has conceded its products liability and breach of express warranty claims brought against Pratt & Whitney, summary judgment is appropriate. Accordingly, summary judgment against these claims will be granted.

### B. Implied Warranty of Merchantability

In Mississippi,[1] "a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind." Miss. Code Ann. § 75-2-314(1). To be merchantable, goods must "pass without objection in the trade under the contract description" and be "fit for the ordinary purposes for which such goods are used." *Id*. at § 75-2-314(2)(a),(c). To recover for breach of the implied warranty of merchantability, a plaintiff must prove five elements: "(1) That a 'merchant' sold 'goods,' and he was a merchant with respect to 'goods of the kind' involved in the transaction, (2) which were not merchantable at the time of the sale, and (3) injuries and damages to the plaintiff or his property, (4) caused proximately and in fact by the defective nature of the goods, and (5) notice to the seller of the injury." *Vince v. Broome*, 443 So. 2d 23, 26 (Miss. Ct. App. 2003) (quoting White and Summers, *Uniform Commercial Code* § 9-6 (1980)).

In its motion for summary judgment, Pratt & Whitney argues that the claim for breach of merchantability must fail because "successful use of a product for an extended period of time without difficulty demonstrates as a matter of law that the implied warranty of merchantability was not breached." Doc. #34 at 11 (citing *Ford Motor Co. v. Fairley*, 398 So. 2d 216 (Miss.

---

[1] Subject matter jurisdiction in this case is based on diversity of citizenship; therefore, Mississippi law controls the rulings on all substantive issues. *See Hanley v. Forester*, 903 F.2d 1030, 1032 (5th Cir. 1990) ("a federal court sitting in a diversity case is obligated to apply the substantive law of the state in which it is sitting.").

4

1981)). Plaintiff responds that the subject engine failure at 5,042 hours would not be expected in the agricultural industry or any other aviation industry. Based on their arguments and a review of the cases cited by Pratt & Whitney, the Court infers that the parties disagree as to the second element – whether the aircraft engine was merchantable at the time of sale.

### 1. "Successful Use" Under Mississippi Law

Mississippi law defines merchantable goods as those which:

(a) Pass without objection in the trade under the contract description; and
(b) In the case of fungible goods, are of fair average quality within the description; and
(c) Are fit for the ordinary purposes for which such goods are used; and
(d) Run, within the variations permitted by the agreement, of even kind, quality and quantity within each unit and among all units involved; and
(e) Are adequately contained, packaged and labeled as the agreement may require; and
(f) Conform to the promises or affirmations of fact made on the container or label if any.

Miss. Code Ann. § 75-2-314(2).

Although the precise outlines of merchantability have not been set, the Mississippi Supreme Court has held that where a "car had been driven over two years and 26,649 miles before Fairley experience[d] any difficulty with it[, s]uch service as a matter of law negate[d] a breach of an implied warranty of merchantability of [the] car." *Fairley*, 398 So. 2d at 219; *see also Lee v. Gen. Motors Corp.*, 950 F. Supp. 170, 174 (S.D. Miss. 1996) (under *Fairley*, class action complaint failed to state cause of action for implied breach of merchantability where "all vehicles sought to be included in [the] class … would be a minimum of five years old"). When considering whether a product has performed in a manner sufficient to preclude a breach of merchantability claim under *Fairley*, a court should consider whether the nature of use of the product would have revealed a defect during the relevant period. *Indem. Ins. Co. of N. Am. v. Deere & Co.*, No. 2:11-cv-00260, 2012 WL 4434718, at *6 (N.D. Miss. Sep. 24, 2012). Thus,

while two years and more than 25,000 miles of use of an automobile may preclude a claim for breach of merchantability, *Fairley* is inapplicable to a claim arising from four years of use of a cotton picker, "which is used only during the cotton harvest season, would not encounter the same persistent use as an automobile, and thus would not have as much opportunity to manifest problems." *Id.*; *see also State Farm Mut. Auto. Ins. Co. v. Ford Motor Co.*, 736 So. 2d 384, 390 (Miss. Ct. App. 1999) (declining to apply *Fairley* where used car caught fire after 5,000 miles).

While Mississippi courts appear not to have addressed the legal mechanism of this rule, at least three courts have held that *Fairley* stands for the proposition that "prolonged use of a product raises a presumption of merchantability." *Walsh v. Ford Motor Co.*, 130 F.R.D. 260, 273 (D.D.C. 1990); *Cole v. Gen. Motors Corp.*, 484 F.3d 717, 730 (5th Cir. 2007) (citing *Walsh*); *see generally In re Ford Motor Co. Vehicle Paint Litig.*, No. MDL 1063, 1996 WL 426548, at *22 (E.D. La. July 30, 1996) (noting that Mississippi law does not hold "that a vehicle sold with a serious, latent paint defect is merchantable as a matter of law"). The Court finds the cited authority instructive and holds that *Fairley* stands for the proposition that a defendant in Mississippi may raise a presumption[2] of merchantability by showing that a product was subjected to prolonged use.

### 2. *Fairley* Applied

As explained above, where, "as here, the nonmoving party bears the burden of proof at trial, the moving party may demonstrate that it is entitled to summary judgment by submitting affidavits or other similar evidence negating the nonmoving party's claim, or by pointing out to the district court the absence of evidence necessary to support the nonmoving party's case." *Morris*, 144 F.3d at 380. There is no question that lack of prolonged use is <u>not</u> necessary to

---

[2] Because, as explained below, the presumption has not been implicated here, the Court need not consider whether proof of prolonged use raises an irrebuttable or rebuttable presumption.

6

support a breach of merchantability claim. *See Vince*, 443 So. 2d at 26 (setting forth elements of breach of merchantability claim). Rather, by its terms, the *Fairley* presumption operates to "negate" a breach of merchantability claim. 398 So. 2d at 219. Accordingly, Pratt & Whitney bears the burden of proving the applicability of the presumption. *Morris*, 144 F.3d at 380

Here, Pratt & Whitney argues that Plaintiff's implied warranty claim fails under the *Fairley* rule because "use for more than 5,000 operating hours as a matter of law satisfies the warranty of merchantability …." Doc. #34 at 13. However, Pratt & Whitney has failed to offer any evidence which would allow the Court to conclude that 5,000 operating hours of the Engine is more comparable to 26,000 miles on a new automobile than to 5,000 miles on a used automobile. Put differently, there is no evidence showing that Plaintiff's use of the Engine was "prolonged." In the absence of such evidence, *Fairley* is inapplicable, and Pratt & Whitney's motion for summary judgment against the breach of implied warranty claim must be denied.[3]

## V
## Conclusion

For these reasons, Pratt & Whitney's motion for summary judgment [33] is GRANTED **in Part and DENIED in Part**. The motion is **GRANTED** as to Plaintiff's products liability and breach of express warranty claims. The motion is **DENIED** as to Plaintiff's claim for breach of the implied warranty of merchantability.

SO ORDERED, this the 30th day of September, 2014.

/s/ Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[3] In opposition to the motion for summary judgment, Plaintiff submitted an affidavit from its owner Brad Ouzts. Doc. #37-1. In his affidavit, Ouzts opines that "[b]ased upon my experience as a pilot operating aircraft such as the subject Air Tractor AT-802A, the PT6-67AG [engine] should last at least 20,000 hours and at least 20 – 25 years … without major overhauls with regular and routine service." *Id.* Pratt & Whitney objects to the consideration of this document for summary judgment purposes. Doc. #41 at 2. Insofar as this Court has found that Pratt & Whitney failed to discharge its summary judgment burden, the Court need not consider the admissibility of the Ouzts affidavit.