**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**CLEVELAND AIR SERVICE, INC.**                                                                    **PLAINTIFF**

**V.**                                                                                    **NO. 4:13-CV-161-DMB-DAS**

**PRATT & WHITNEY CANADA**                                                                      **DEFENDANT**

**OPINION AND ORDER GRANTING SUMMARY JUDGMENT**

Before the Court is the third motion for summary judgment filed by Pratt & Whitney Canada. For the reasons below, the motion will be granted.

**I**
**Summary Judgment Standard**

"Summary judgment is appropriate when there are no genuine issues as to any material facts, and the moving party is entitled to judgment as a matter of law." *Norwegian Bulk Transp. A/S v. Int'l Marine Terminals P'ship*, 520 F.3d 409, 411 (5th Cir. 2008) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986)). To award summary judgment, "[a] court must be satisfied that no reasonable trier of fact could find for the nonmoving party or, in other words, that the evidence favoring the nonmoving party is insufficient to enable a reasonable jury to return a verdict in her favor." *Id.* at 411–12 (internal quotation marks omitted). To this end, "[t]he moving party bears the burden of establishing that there are no genuine issues of material fact." *Id.* at 412.

"If, as here, the nonmoving party bears the burden of proof at trial, the moving party may demonstrate that it is entitled to summary judgment by submitting affidavits or other similar evidence negating the nonmoving party's claim, or by pointing out to the district court the absence of evidence necessary to support the nonmoving party's case." *Morris v. Covan World*

*Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998). If the moving party makes the necessary demonstration, "the burden shifts to the nonmoving party to show that summary judgment is inappropriate." *Id.* In making this showing, "the nonmoving party must go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Cotroneo v. Shaw Env't & Infrastructure, Inc.*, 639 F.3d 186, 191–92 (5th Cir. 2011) (internal punctuation omitted). When considering a motion for summary judgment, the Court "resolve[s] factual controversies in favor of the nonmoving party." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

## II
## Factual and Procedural Background

### A. Sale and Delivery of Engine

Cleveland Air Service, Inc. ("Cleveland Air"), operates agricultural aircrafts. *See generally* Doc. #76-1. Pratt & Whitney Canada ("Pratt & Whitney") designs, manufactures, distributes, markets, and sells aircraft engines. Doc. #18 at 3. Pratt & Whitney manufactured a PT6A-67AG turbine engine ("Engine"). Doc. #72-1 at ¶ 4. Air Tractor, Inc., purchased the Engine on September 8, 1999. Doc. #72-2. On August 30, 2000, the Engine was shipped to Frost Flying, Inc., in Marianna, Arkansas. *Id*. The Engine was delivered sometime in 2000[1] with a warranty that it would be free from defects in material and workmanship appearing within

---

[1] Although the precise date of delivery is unclear, it is undisputed that the Engine was shipped to Frost Flying on August 30, 2000. *See* Doc. #72-2. The Court takes judicial notice that the shipping address for Frost Flying matches the business' address listed on the Arkansas' secretary of state website, as reported by a 1994 filing. *See Swindol v. Aurora Flight Scis. Corp.*, 805 F.3d 516, 519 (5th Cir. 2015) (taking judicial notice of address information provided on Mississippi and Virginia's secretary of state websites). Furthermore, throughout this litigation, Pratt & Whitney, without objection from Cleveland Air, has asserted that the Engine was delivered in 1999 or 2000. Finally, Cleveland Air itself seems to concede that the Engine was delivered even earlier by asserting that the Engine was installed in the aircraft in 1999. *See* Doc. #77 at 7. Under these circumstances, the Court assumes that delivery occurred no later than 2000.

2

the first 1,000 hours of operation. Doc. #72-3. "Subsequently," the Engine was installed in an Air Tractor AT-802A agricultural aircraft, which was in turn sold to Cleveland Air in 2011. Doc. #72-1 at ¶ 5; Doc. #76-1 at 1.

### B. Revised Warranty

In December 2009, Pratt & Whitney issued a revised warranty policy ("2009 Warranty"). Doc. #72-4. The 2009 Warranty provides that "[t]his warranty document supercedes [sic] the Turbine Engine Warranty and Service Policy issued August 1998 and the applicable annexes." *Id*. at 15. Pursuant to the 2009 Warranty, Pratt & Whitney warranted against defects in material or workmanship appearing within the first 1,000 hours of operation and, following the expiration of the basic coverage period, offered a primary parts service policy that provided pro rata coverage for certain parts. *Id* at 3–4. Included among the covered parts are the Engine's blade-compressor, power turbine, and blade-compressor rotor assembly. *Id*. at 11–13. Under the terms of the 2009 Warranty, coverage expires when the Engine reaches the Time Between Overhaul ("TBO"). *Id*. For the Engine, the TBO is 3,000 hours. *Id*.

### C. Engine Failure and Lawsuit

On September 5, 2012, the Engine suffered a power turbine blade failure after 5,042 hours of use. Almost a year later, on August 1, 2013, Cleveland Air filed suit against Pratt & Whitney and Pro Turbine, Inc. (the servicer of the Engine), in the Circuit Court of Bolivar County, Mississippi, seeking damages for the alleged repair cost of the Engine ($185,641.30), other amounts related to aircraft rental ($73,053.98), and pilot pay ($19,550.00). Doc. #2. On September 16, 2013, asserting diversity jurisdiction, Pro Turbine removed the suit to this Court. Doc. #1. That same day, Pro Turbine filed an answer along with a counter-claim, seeking $58,135.48 from Cleveland Air for services rendered. Doc. #3.

On October 21, 2013, Cleveland Air moved for an entry of default against Pratt & Whitney. Doc. #7. The Clerk's entry of default as to Pratt & Whitney was docketed the next day. Doc. #9. Also that day, Cleveland Air filed a motion for default judgment and a "motion for damages by default." Doc. #10; Doc. #11.

On October 28, 2013, Cleveland Air moved the Court to: (1) set aside the Clerk's entry of default; (2) withdraw its request for an entry of default; (3) withdraw its motion for default judgment; (4) withdraw its motion for damages by default; and (5) allow Pratt & Whitney to "answer the allegations of Plaintiff's complaint." Doc. #14 at 1. On November 4, 2013, Cleveland Air's motion to withdraw was granted. Doc. #17.

On November 11, 2013, Pratt & Whitney filed its "Defenses and Answer" to the complaint. Doc. #18. Of relevance here, the "Fourth Defense" states, "PRATT made tender of delivery of the subject engine in August, 2000, thirteen years before this suit was filed. Plaintiff's claims arising under the Uniform Commercial Code are for this reason barred by the statute of limitations set out in Miss. Code Ann. § 75-2-725." *Id.* at 5.

On February 10, 2014,[2] Pratt & Whitney filed a motion for summary judgment. Doc. #33. On June 9, 2014, the Court, acting on the joint motion of Cleveland Air and Pro Turbine, dismissed their respective claims against each other. Doc. #43; Doc. #44. On September 30, 2014, the Court granted in part and denied in part Pratt & Whitney's motion for summary judgment, granting summary judgment as to Cleveland Air's products liability and breach of express warranty claims and denying summary judgment as to its claim for breach of the implied warranty of merchantability. Doc. #48.

---

[2] This case was reassigned to the undersigned district judge on January 3, 2014. Doc. #30.

On October 17, 2014, Pratt & Whitney filed a second motion for summary judgment. Doc. #50. The Court denied the second motion for summary judgment on August 27, 2015, because no case management order had reset the previously expired dispositive motions deadline and no leave to file another dispositive motion was sought or granted. Doc. #64.

On October 21, 2015, after the dispositive motions deadline had been extended,[3] Pratt & Whitney filed a third motion for summary judgment against Cleveland Air's remaining claim for breach of the implied warranty of merchantability. Doc. #72. In its third summary judgment motion, Pratt & Whitney argues that the implied warranty of merchantability was not violated and that, even if a violation occurred, a claim based on such violation would be untimely under Miss Code Ann. § 75-2-725(1) and § 75-2-725(2). *Id*. at 10–11.

On November 23, 2015, Cleveland Air filed a response in opposition to the third summary judgment motion. Doc. #76. In its response, Cleveland Air contends that Pratt & Whitney breached the implied warranty of merchantability and waived its right to raise a statute of limitations defense to such claim, declining to substantively respond to Pratt and Whitney's statute of limitations argument. *Id*. Among the exhibits included in Cleveland Air's response is an affidavit from Brad Ouzts, Cleveland Air's owner, addressing Pratt & Whitney's alleged implied warranty breach. Doc. #76-1.

Ten days later, on December 3, 2015, Pratt & Whitney filed a rebuttal in support of its third motion for summary judgment. Doc. #78. It also filed the same day "Pratt & Whitney's

---

[3] The motions deadline was extended to March 15, 2016, through order issued by United States Magistrate Judge David A. Sanders on October 2, 2015. Doc. #68 at 5. Earlier, on January 16, 2014, following the initial case management conference, Judge Sanders, "[a]fter considering the issues" in the case, ordered that "discovery is hereby stayed for a period of six months. The defendants shall file their dispositive motions no later than February 10, 2014." Doc. #32 at 1 (internal footnote omitted). In that order, Judge Sanders noted that "this deadline applies to the defendants' initial motions to dismiss or for summary judgment discussed during the case management conference. This order does not preclude subsequent dispositive motions that may become applicable pursuant to a case management order to be entered following the second case management conference." *Id.* at 1 n.1.

Fed. R. Civ. P. 56(c) and Fed. R. Evid. 103(a)(1) Objections to Plaintiff's Inadmissible Evidence in Opposition to Summary Judgment," seeking the exclusion of certain opinions in, and exhibits to, Ouzts' affidavit. Doc. #79. On December 21, 2015, Cleveland Air responded to these objections and, on January 26, 2016, designated Ouzts as an expert witness. Doc. #82; Doc. #88; Doc. #101-1.

On March 15, 2016, Pratt & Whitney moved to exclude Ouzts' opinions. Doc. #101. Pratt & Whitney also moved to supplement its third summary judgment motion with testimony derived from Ouzts' recently-conducted deposition. Doc. #103. Cleveland Air responded in opposition to both motions. Doc. #107; Doc. #109. Pratt & Whitney later filed three motions in limine, which seek to exclude, among other things, certain testimony by Outz.[4] Doc. #117; Doc. #119; Doc. #121.

On July 29, 2016, the Court issued an order finding that the statute of limitations argument was properly before the Court. Doc. #131. The order directed "additional briefing on the issue of the timeliness of Cleveland Air Service, Inc.'s breach of implied warranty claim" given that Cleveland Air had not substantively addressed Pratt & Whitney's statute of limitations argument. Doc. #131. Cleveland Air filed a supplemental response on August 2, 2016, Doc. #133; and Pratt & Whitney filed a supplemental reply the same day, Doc. #135.

## III
## Analysis

Pratt & Whitney makes four arguments in support of its third motion for summary judgment as to Cleveland Air's remaining claim for breach of the implied warranty of

---

[4] Pratt & Whitney moved to preclude Cleveland Air at trial from "referring to or offering any evidence of any other purported engine failures," from "referring to or offering into evidence any advertisements or other materials concerning hours of operation of any other engines or aircraft," and from "offering any evidence of any fear or alarm experienced by Mr. Ouzts at the time of the engine failure ...." Doc. #117; Doc. #119; Doc. #121.

6

merchantability: (1) the claim for breach of the implied warranty of merchantability is time barred (2) the successful, long-term use of a product satisfies the implied warranty of merchantability; (3) an express warranty was offered in lieu of an implied warranty of merchantability; and (4) any application of an implied warranty would be inconsistent with the express warranty as prohibited under Miss. Code Ann. § 75-2-317. Doc. #72 at 1–2, 11.

### A. Statute of Limitations

In seeking summary judgment on Cleveland Air's breach of implied warranty claim, Pratt & Whitney, in a section titled, "The Express Warranty was Offered in Lieu of the Implied Warranty of Merchantability," argues that "[i]f the breach [of the implied warranty] occurred at the time of delivery, then Plaintiff's claim became time barred in 2006, which is 6 years after delivery of the engine." Doc. #73 at 11. In support of this argument, Pratt & Whitney contends that Miss. Code Ann. § 75-2-725(1) provides a six-year statute of limitations for Cleveland Air's breach of implied warranty claim; that under § 75-2-725(2), the claim accrued at the time of delivery of the Engine; and that, therefore, the claim expired no later than 2006. *Id*.

In response, Cleveland Air argued that Pratt & Whitney waived its limitations argument. Doc. #77 at 2. But, as explained above, the Court rejected Cleveland Air's waiver argument in the July 29, 2016, order, and provided Cleveland Air an opportunity only "to address the timeliness of its breach of implied warranty claim" through additional briefing. Doc. #131 at 8. Notwithstanding this clear direction, Cleveland Air did not use its opportunity to submit additional briefing on the timeliness issue but, instead, used it to re-assert its argument that the statute of limitations defense may not be considered by the Court. Doc. #133 at 1 ("The Plaintiff would show unto the Court that, to raise the defense at this late stage constitutes undue prejudice.").

### 1. Consideration of Statute of Limitations Defense

In its supplemental response, Cleveland Air argues that Pratt & Whitney should be barred from raising a statute of limitations defense because raising the defense "at this late stage, constitutes undue prejudice."[5] Doc. #133 at 1. Specifically, Cleveland Air contends that it "has expended much time, effort and expenses to prepare for trial. This constitutes undue prejudice." *Id*. at 2. To support this argument, Cleveland Air states:

> The parties have nearly completed the pretrial order and the final pretrial conference is set for August 4, 2016. Trial is set for August 15, 2016. Further pending before the Court are numerous motions in limine which the Plaintiff timely responded to. The Plaintiff has expended much time, effort and expenses to prepare for trial. This constitutes undue prejudice. The longer the period of an unexplained delay, the less will be required of the nonmoving party in terms of a showing of prejudice. *Block v. First Blood Assocs*., 988 F.2d 344, 350 (2d Cir. 1993). Although addressing undue prejudice in allowing an amended complaint to include a claim for a statute of imitation [sic] defense, the undue prejudice is the same. The longer the delay, however, the greater the presumption against granting leave to amend. *Perrian v. O'Grady*, 958 F.2d 192, 194 (7th Cir. 1992).

*Id*. (internal quotation marks omitted)

Both *Block* and *Perrian* held that a party may not amend a responsive pleading to assert a defense if doing so would create undue prejudice. Neither case, however, stands for the proposition that the failure to assert a properly pleaded statute of limitations defense until late in a proceeding justifies preclusion of the defense. Furthermore, even if undue prejudice could act as a bar to raising a properly pleaded defense, *Block* explicitly rejected the same argument made by Cleveland Air—that the time and expense of litigation constitutes prejudice sufficient to bar the assertion of a defense. 988 F.2d at 351 (granting leave to amend answer where non-movants argued "that they were prejudiced solely because of the time, effort and money they expended in

---

[5] Despite Cleveland Air's failure to stay within the scope of the additional briefing, the Court will, only out of an abundance of caution, address the substance of Cleveland Air's supplemental response.

litigating this matter."). Accordingly, the Court confirms its conclusion that the statute of limitations defense was properly raised in Pratt & Whitney's third motion for summary judgment.[6]

## 2. Application of Statute of Limitations

In its third motion for summary judgment, Pratt & Whitney argues that Mississippi law[7] states:

> An action for breach of any contract for sale must be commenced within six (6) years after the cause of action has accrued.
>
> A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered.

Miss. Code. Ann. § 75-2-725(1) & (2).

The Mississippi Supreme Court has held that the plain language of the statute controls and that the six-year clock begins to run upon delivery, as opposed to discovery of a defect. *See Rutland v. Swift Chem. Co.*, 351 So.2d 324, 325 (Miss. 1977) ("Plain language of the statute

---

[6] In reaching this conclusion, the Court notes that, at the time the defense was argued in support of summary judgment after being raised in Pratt and Whitney's answer to the complaint, discovery was ongoing, and the deadline for "[a]ll dispositive motions and *Daubert*-type motions" was March 15, 2016, nearly five months away. Doc. #68 at 5.

[7] "In *Guaranty Trust Co. v. York*, 326 U.S. 99 (1945), the [United States Supreme] Court read *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938) to require application in federal court of state statutes of limitations when jurisdiction rests on diversity of citizenship." *Mullen v. Sears, Roebuck, and Co.*, 887 F.2d 615, 616 (5th Cir. 1989) (internal citations omitted). Notwithstanding that it appears the Engine was sold from a Canadian company to a Texas corporation with delivery to be made in Arkansas, the parties do not dispute that Mississippi's statute of limitations controls. Generally, under Mississippi law, a court may apply Mississippi's implied warranty statute of limitations where the claim may otherwise be brought in Mississippi and the statute of limitations in the state of delivery is deemed procedural. *Price v. Int'l Tel. and Tel. Corp.*, 651 F.Supp. 706, 711 (S.D. Miss. 1986). Under Arkansas law, "[s]tatutes of limitations are generally considered to be procedural in nature." *Middleton v. Lockhart*, 139 S.W.3d 500, 502 (Ark. 2003). Likewise, "[u]nder Texas law, statutes of limitations are considered to be procedural, not substantive." *Cypress/Spanish Ft. I, L.P. v. Professional Serv. Indus., Inc.*, 814 F.Supp.2d 698, 708 (N.D. Tex. 2011) (citing *Johansen v. E.I. Du Pont De Nemours & Co*., 710 F.2d 1377, 1381 (5th Cir. 1987). Furthermore, there is no question this case may be heard in Mississippi. Accordingly, the Court will apply Mississippi's statute of limitations to this products liability action.

provides that a cause of action for breach of warranty accrues when tender of delivery of goods is made …. Only one exception is made to the six-year limitation, and that is where under subsection (2) of the quoted statute a warranty 'explicitly extends to future performance.'").[8] Under this rule, the relevant delivery is delivery to the original purchaser,[9] the time of discovery is irrelevant,[10] and the only exception to the six-year period is an express warranty. As recognized in *Forbes v. General Motors Corporation*:

> The statute in unmistakable language provides that in order for a warranty of this type to extend beyond six years after the date of tender of delivery, such warranty must explicitly relate to future performance of the goods. Explicit means something expressed or clearly stated and is more than merely implied.

993 So. 2d 822, 825 (Miss. 2008) (internal citations, quotation marks, and emphasis omitted).

As explained above, there is no dispute the Engine was delivered no later than 2000. Applying the plain language of subsections (1) and (2) of Miss. Code. Ann. § 75-2-725, the six-year clock began to run upon delivery, thereby requiring the implied warranty claim asserted in this case to have been commenced no later than September 2006. Cleveland Air has provided no evidence or argument that a warranty explicitly extended the statute of limitations. Accordingly,

---

[8] *See also M. T. Reed Const. Co. v. Jackson Plating Co*., 222 So. 2d 838, 840 (Miss. 1969) ("It is immaterial, so far as the running of the statute of limitations is concerned, whether the negligence out of which the cause of action arose, was the breach of a contract, or affirmative disregard of some positive duty; in either case the cause of action accrues when the abstract of title is certified to and delivered. The statute of limitations runs from that time, and not from the time the damage occurs.") (quoting *Johnson v. Crisler*, 156 Miss. 266, 125 So. 724 (1930)); *Huff v. Hobgood*, 549 So. 2d 951, 955 (Miss. 1989) ("This Court finds that as a matter of law this cause of action accrued in December, 1978, when tender of delivery of the bulldozer was made to Huff, and the six year statute of limitations ran out in December, 1984.").

[9] *See Clark v. Gen. Motors*, No. 3:14-cv-505, 2016 WL 3574408, at *2 (S.D. Miss. June 23, 2016) (breach of warranty claim accrued at time of sale to original purchaser).

[10] The Fifth Circuit, while reviewing this statue, has held that "the inability to sue for breach of warranty more than six years after the date of the sale … is not, in our opinion, unconscionable." *Alexander v. Conveyors & Dumpers, Inc*., 731 F.2d 1221, 1228 (5th Cir. 1984).

the Court concludes as a matter of law that Cleveland Air's implied warranty claim is barred by the statute of limitations.[11]

## B. Remaining Arguments and Motions

Having found that Cleveland Air's remaining implied warranty claim is barred by the statute of limitations, the Court declines to consider Pratt & Whitney's remaining arguments for summary judgment. *See, e.g., Mendes Jr. Intern. Co. v. M/V Sokai Maru*, 43 F.3d 153, 156 (5th Cir. 1995) ("Having found this action barred by [the] statute of limitations, we find it unnecessary to address the remaining issues dealing with Mendes' damages claim."). Likewise, the remaining motions, which relate to trial and/or the merits (rather than the timeliness) of the claim will be denied as moot.

## IV
## Conclusion

For these reasons, Pratt & Whitney's motion for summary judgment [72] is **GRANTED**. Additionally, the Court **DENIES as moot** Pratt & Whitney's motion to exclude [101], Pratt & Whitney's motion to supplement [103], and Pratt & Whitney's motions in limine [117] [119] [121].

**SO ORDERED**, this 5th day of August, 2016.

/s/ Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[11] In order to hold otherwise, the Court would need to assume that the Engine, which was shipped in August 2000, was not delivered for more than six years. While this Court is required to draw all reasonable inferences in favor of a non-movant, inferring a delivery time of more than six years is far from reasonable.